## No. 224.

### THE STATE OF LOUISIANA VS. SOLOMON WILLIAMS, JR.

Under the provisions of Section 1056 R. S. on the trial on a charge of larceny, the jury, if the facts warrant it, can return a verdict against the defendant, "not guilty of larceny but guilty of embezzlement." Such a verdict is not in conflict with Articles 5 and 8 of the Constitution of 1879.

APPEAL from the Eleventh District Court, Parish of Natchitoches· *Pierson*, J.

*J. Henry Shepherd*, District Attorney for the State, Appellee :

1.  Charges to the jury will not be reviewed by the Supreme Court unless they were in writing and the defendant excepted thereto at the time they were given.  34 Ann. 1213 ; 35 Ann. 543, 619, 770 ; 38 Ann. 497.
2.  When an instruction to the jury appears misleading it it should be excepted to at the time, in order to give the court below an opportunity to correct the erroneous instruction or explain or qualify it, or make it more distinct.  35 Ann. 543 ; 37 Ann. 52.
3.  For the purpose of interpretation all the parts of a statute are to be looked at together, and one part may control another.  If possible they are to be reconciled.  Bishop on Statutory Crimes, Sec. 64.  Where the legislative meaning is plain there is not only no occasion for rules to aid the interpretation, but it is contrary to the rules to employ them.  Sec. 72, Bishop on Statutory Crimes.
4.  Section 1056, R. S., has received judicial interpretation in case of State vs. Poland, 33 Ann. 1161.

*J. E. Breda* and *M. H. Carver* for Defendant and Appellant.

The opinion of the Court was delivered by

McENERY, J.  The accused was indicted by the Grand Jury of Natchitoches parish for the crime of larceny, "that Solomon Williams, Jr., late of the parish of Natchitoches, district and State aforesaid, on the 9th day of January, 1888, at and in the parish, district and State aforesaid, did feloniously steal, take and carry away, one beef of the cow kind, of the value of twenty dollars, the property of A. G. Lotcher." He was convicted of embezzlement; the jury, under R. S. 1056, returned into court a verdict as follows :  "We, the jury, find the defendant not guilty of larceny as charged, but guilty of embezzlement," in direct response to the requirements of said section of the Revised Statutes.

Defendant's counsel contend that he was taken by surprise, as he was not informed of the nature of the charge against him in the indictment, and that the offense of which he was convicted was of a higher grade than the one with which he was charged.

The defendant was not taken by surprise, because he was bound to know the law, which informed him that on an indictment for larceny, if the facts proved warranted it, he could be found guilty of embezzlement.  The statute under which the defendant was convicted is unambiguous.

" If it shall be proved that he took the property in question in any such manner as to be current in law to embezzlement, he should not by reason thereof be entitled to be acquitted, but the jury shall be at liberty to return as their verdict that such person is not guilty of larceny, but is guilty of embezzlement, and therefore such person shall be liable to be punished in the same manner as if he had been convicted upon an indictment for such embezzlement. And no person so tried for embezzlement or larceny, as aforesaid, shall be liable to be afterwards prosecuted for larceny or embezzlement upon the same facts."

It was the intention of the law makers to destroy on the trial the nice technicalities that formerly distinguished the crimes of larceny and embezzlement, so that, as in this case, if the facts established the crime of embezzlement, the defendant could be convicted of that crime, and conversely, as enacted in the first part of the section, if indicted for embezzlement he could be convicted of larceny in the degrees mentioned in the section.

Defendant's counsel further allege that the statute is in direct conflict with Articles 5 and 8 of the Constitution of 1879. Article 5 provides that prosecutions shall be by indictment or information. This was by indictment. Article 8 provides that in all criminal prosecutions the accused shall enjoy the right to be informed of the nature and the cause of the accusation. He was informed of the nature of the accusation and the cause of the accusation, fully and specifically set forth in the indictment.

Judgment affirmed.